UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DASHA RILEY,<br><br>                    Plaintiff,<br><br>v.<br><br>MORTGAGE INVESTORS GROUP, INC.; QUALITY LOAN SERVICE CORPORATION; SPECIALIZED LOAN SERVICING, LLC,<br><br>                    Defendants. | Case No.: 18cv1297-WQH-AGS<br><br>**ORDER** |

HAYES, Judge:

    The matters before the Court are the motion to proceed in forma pauperis (ECF No. 2) and the ex parte application for a temporary restraining order and order to show cause re preliminary injunction (ECF No. 4).

**I.    MOTION TO PROCEED IN FORMA PAUPERIS**

    On June 15, 2018, Plaintiff Dasha Riley initiated this action by filing a complaint and a motion to proceed in forma pauperis. (ECF Nos. 1, 2).

    All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $400.00. *See* 28 U.S.C. § 1914(a); CivLR 4.5. An action may proceed despite a party's

failure to pay only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

In a declaration, Plaintiff states that Plaintiff is "unable to pay the costs of these proceedings." (ECF No. 2). The declaration asserts that Plaintiff currently has $125 in a bank account and has one dependent child. Plaintiff's monthly expenses are $1,100 and monthly income is $1,150. Upon review, the Court determines that Plaintiff cannot afford to pay the filing fee in this case and is eligible to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

A complaint filed by any person proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a) is also subject to mandatory review and sua sponte dismissal to the extent it "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). The standard used to evaluate whether a complaint states a claim is a liberal one, particularly when the action has been filed pro se. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, even a "liberal interpretation . . . may not supply elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "[P]ro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Federal Rule of Civil Procedure 8 provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

In the complaint, Plaintiff alleges that Defendants Quality Loan Service Corporation, Specialized Loan Servicing, LLC, and Mortgage Investors Group "have engaged in the

illegal and fraudulent sale of real property for which the legal and equitable interests belong to Plaintiff pursuant to an assignment of rights." (ECF No. 1 at ¶ 1). Plaintiff alleges that on or about May 30, 2018 a trustee sale of the subject real property took place in the City of El Cajon and the property was sold at public auction. *Id.* at ¶ 16. Plaintiff alleges that Defendants did not have licenses or permits authorizing them to conduct a sale of real property at the date and time of the sale in the City of El Cajon. *Id.* ¶¶ 22–27. Plaintiff alleges that a proper permit or business license was required for this sale of real property and therefore the sale constitutes an illegal transaction. Plaintiff alleges the following causes of action against all Defendants: (1) civil conspiracy to commit wire fraud; (2) to set aside trustee sale; (3) constructive fraud. (ECF No. 1).

Upon review, the Court concludes that Plaintiff's complaint is sufficient to survive the sua sponte screening required under 28 U.S.C. § 1915(e)(2). Plaintiff is therefore automatically entitled to service by the United States marshals. *See Lopez*, 203 F.3d at 1126–27; 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(2) (providing that "service be effected by a United States marshal, deputy United States marshal, or other officer specially appointed by the court . . . when the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.").

## II. TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

On June 27, 2018, Plaintiff filed an ex parte application for a temporary restraining order and "order to show cause re preliminary injunction." (ECF No 4). Plaintiff requests that the Court "issue a temporary restraining order and order to show cause re. preliminary injunction which enjoins and restrains Defendants from causing any transfer, assignment, sale, or other action or disposition of the real property that may encumber or interfere with the rights of Plaintiff." *Id.* at 4.

Federal Rule of Civil Procedure 65(a)(1) provides that "the court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). Federal Rule of Civil Procedure 65(b)(1) provides that

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

To the extent Plaintiff seeks a temporary restraining order, Plaintiff has failed to demonstrate that "immediate and irreparable injury" will result "before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Plaintiff further fails to "certif[y] in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Plaintiff has failed to comply with the requirements of Rule 65(b). *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438–39 (1974)) ("The stringent restrictions imposed . . . by Rule 65 on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute.").

To the extent Plaintiff seeks a preliminary injunction, Plaintiff has failed to demonstrate that Defendants have received notice of this action or the factual basis for Plaintiff's application. *See* Fed. R. Civ. P. 65(a)(1). Plaintiff has not filed any proof of service of the ex parte application. Further, Plaintiff has not filed any proof of service of the complaint and no Defendant has appeared in the case. Plaintiff has failed to comply with the requirements of Rule 65(a). The application for an order to show cause why a

preliminary injunction should not issue is denied with leave to refile, pursuant to the requirements of Rule 65, after proper service of the complaint and summons has occurred.

### III. CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's motion to proceed in forma pauperis is GRANTED. (ECF No. 2). The Clerk of Court shall issue a summons and provide Plaintiff with the summons, certified copies of both this Order and the complaint, and a blank U.S. Marshal Form 285. Plaintiff shall complete the U.S. Marshal Form 285, and forward the Form 285 and the designated copies of this Order and the complaint to the U.S. Marshal. The U.S. Marshal shall serve a copy of the complaint and summons upon Defendants as directed by Plaintiff on the U.S. Marshal Form 285.

IT IS FURTHER ORDERED that Plaintiff's ex parte application for a temporary restraining order and order to show cause why a preliminary injunction is DENIED. (ECF No. 4).

Dated: June 29, 2018

Hon. William Q. Hayes
United States District Court