# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DASHA RILEY,<br><br>        Plaintiff,<br><br>v.<br><br>QUALITY LOAN SERVICE CORP.; SPECIALIZED LOAN SERVICING, LLC; and MORTGAGE INVESTORS GROUP, INC.<br><br>        Defendants. | No. 3:18-cv-1297-WQH-AGS<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are the Motions to Dismiss filed by Defendant Quality Loan Service Corporation (Quality) (ECF No. 7) and Specialized Loan Servicing, LLC (Specialized) (ECF No. 19).

## I.    Background

On June 15, 2018, Plaintiff initiated an action against Defendants in this Court by filing a Complaint. (ECF No. 1). On July 23, 2018, Defendant Quality filed a Motion to Dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and failure to state a cause of action. (ECF No. 7). On August 13, 2018, Plaintiff filed Opposition. (ECF No. 9). On August 17, 2018, Defendant filed a Reply. (ECF No. 10). On November 23, 2018, Defendant Specialized filed a Motion to Dismiss Complaint for Lack of Standing. (ECF No. 19). Plaintiff did not file opposition or notice of non-opposition.

## II.    Allegations of the Complaint

On May 8, 2018, Jeff and Barbara Lubin were served a notice of trustee sale by Defendant Quality.  (ECF No. 1 ¶ 14).  On May 30, 2018, a trustee sale was held for the residential property located at 2643 Hidden Valley Rd., La Jolla, California, 92037 ("Hidden Valley Rd. Property").  *Id.* ¶¶ 2, 16.  The property was sold at a May 30, 2018 public auction.  *Id.* ¶ 16.  Defendants Quality Loan Service Corporation, Specialized Loan Servicing, LLC, and Mortgage Investors Group, Inc. were involved in conducting the sale.  *Id.* ¶ 9–11.

Plaintiff Dasha Riley, proceeding pro se, "operates a private business and is involved in real estate transactions as a consultant and also as an investor."  *Id.* ¶ 13.  Plaintiff "learned of the concerns of Jeff and Barbara Lubin regarding their home" and on June 11, 2018 "acquired the interests of the subject real property through an assignment of rights."  *Id.*

Plaintiff alleges Defendants conducted an "illegal sale of property" because Defendants "did not have a license or permit authorizing them to conduct a sale of real property at the date and time of the sale [of the Hidden Valley Rd. Property] . . . ."  *Id.* ¶ 24–27.  Plaintiff brings claims against all Defendants for: (1) civil conspiracy to commit wire fraud in violation of 18 U.S.C. § 1343; (2) to set aside trustee sale; and (3) constructive fraud.

## III.   Motions to Dismiss[1]

Defendant Specialized contends that "Plaintiff's jurisdictional analysis is fatally flawed. Plaintiff relies upon a federal criminal statute (18 U.S.C. §1343, "Fraud by wire, radio, or television") to establish federal question jurisdiction. This statute does not create a private right of action and therefore cannot support the exercise of federal question jurisdiction under 28 U.S.C. §1331. Dismissal is therefore appropriate under FRCP 12(b)(1)."  (ECF No. 19-1 at 6).

---

[1] The Court finds that Defendant Specialized's jurisdictional argument is dispositive of this action.  For this reason, the Court declines to address the remainder of Specialized's contentions or any of the contentions in favor of dismissal made by Defendant Quality in ECF No. 7.

Plaintiff's opposition to Defendant Specialized's Motion to Dismiss was due by December 17, 2018. (ECF No. 20). As of December 28, 2018, Plaintiff has not filed opposition or a notice of non-opposition.

## IV. Legal Standard

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Federal Rule of Civil Procedure 12(b)(1) permits a court to dismiss a claim for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

## V. Discussion

### a. Plaintiff's Federal Claim

Plaintiff's complaint states, "This Court has federal jurisdiction because this case arises out of a violation of federal law. 18 U.S.C. § 1343." (ECF No. 1 at 2). Defendant contends that Plaintiff has failed to state a claim for civil conspiracy to commit wire fraud in violation of 18 U.S.C. § 1343. This Court's jurisdiction to hear this matter rests entirely on the existence of a federal question, so the Court addresses this question first.

In order for Plaintiff to allege a claim under a federal statute, the statute must provide for a private right of action. *See Touche Ross & Co. v. Redington*, 442 U.S.

560, 568 (1979) ("As we recently have emphasized, 'the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person.'") (citing *Cannon v. Univ. of Chicago*, 441 U.S. 677, 688 (1979)). 18 U.S.C. § 1343 is the federal criminal wire fraud statute. The Court must determine whether Congress intended to create a private right of action under 18 U.S.C. § 1343.[2] The statute states:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation occurs in relation to, or involving any benefit authorized, transported, transmitted, transferred, disbursed, or paid in connection with, a presidentially declared major disaster or emergency (as those terms are defined in section 102 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. 5122)), or affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

§ 1343. The Court finds that the statute does not evince an intent by Congress to create a private right of action. This finding is consistent with numerous courts in this circuit, as well as other circuits who have addressed this issue. *See Chen v. T.T. Group*, 2014 WL 12613519 (C.D. Cal. May 29, 2014) ("18 U.S.C. §§ 1341 and 1343 are criminal wire fraud statutes. They do not create civil causes of action, nor do they give this Court permission to hear state contract claims"); *Soliven v. Yamashiro*, 2014 WL 2938401 (D. Haw. June 30, 2014) (same); *Small v. Mortgage Elec.*

---

[2] Wire fraud in violation of 18 U.S.C. § 1343 can serve as a predicate offense in a civil RICO action under 18 U.S.C. §§ 1962 and 1964. To maintain a RICO claim under 18 U.S.C. § 1962(c), however, a plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *See Rezner v. Bayerische Hypo–Und Vereinsbank AG*, 630 F.3d 866, 873 (9th Cir. 2010). In this case, Plaintiff has neither alleged a violation of 18 U.S.C. §§ 1962 or 1964, nor alleged facts sufficient to state a RICO claim.

*Registration Sys., Inc.*, 2010 WL 3719314 (E.D. Cal. Sept. 16, 2010) (same); *Napper v. Anderson*, 500 F.2d 634, 636 (5th Cir. 1974) (same); *Wisdom v. First Midwest Bank*, 167 F.3d 402, 408 (8th Cir. 1999) (same). Accordingly, Plaintiff has failed to state a claim under 18 U.S.C. § 1343 upon which relief can be granted. Plaintiff's civil conspiracy to commit wire fraud claim is dismissed with prejudice.[3]

### b. Jurisdiction Over Remaining Claims

Once all claims over which a federal court has original jurisdiction have been dismissed, the court in its discretion may decline to exercise supplemental jurisdiction over any remaining state law claims. 28 U.S.C. § 1367(c)(3). Plaintiff's remaining claims arise out of alleged irregularities in a foreclosure conducted pursuant to California's nonjudicial foreclosure scheme, codified at California Civil Code section 2920 *et seq*. This Court finds Plaintiff's remaining claims better suited for a state court, and declines to exercise its supplemental jurisdiction over Plaintiff's remaining claims. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."). Plaintiff's remaining claims are dismissed without prejudice.

### VI. Conclusion

IT IS HEREBY ORDERED that the Motion to Dismiss filed by Defendant Specialized (ECF No. 19) is GRANTED. Plaintiff's civil conspiracy claim under 18 U.S.C. § 1343 is dismissed with prejudice. The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, and dismisses those claims without prejudice. IT IS FURTHER ORDERED that the Motion to

---

[3] The Court has considered Plaintiff's pro se status. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (Pro se pleadings are held to a less stringent standard than those drafted by lawyers). Although a pro se plaintiff is normally entitled to notice and an opportunity to amend before dismissal, it is clear in this instance that no amendment can cure the defects of a claim stated under a statute that does not provide a private right of action. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved.").

Dismiss filed by Defendant Quality (ECF No. 7) is DENIED as moot. The Clerk of Court shall close the case.

Dated: January 10, 2019

Hon. William Q. Hayes
United States District Court